UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. RAMIREZ, | No. 2:20-cv-1508-WBS-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CAESY L. KOZOLL, et al., | |
| Defendants. | |

Plaintiff, a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).[1]

### Screening Requirement

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Discussion

The original complaint, filed July 27, 2020, concerns plaintiff's ongoing criminal proceedings in state court. ECF No. 1. His claims are based on various allegations, including the following: (1) his girlfriend was a confidential informant and allowed for an illegal search of his mother's house (*id.* at 4); (2) Officer Lopez lied on the witness stand on December 23, 2019 (*id.* at 5); (3) attorney Casey Kozoll stated plaintiff was incompetent to stand trial, causing plaintiff to be confined to the Napa State Hospital (*id.* at 6); (4) attorney Jessica Morrell allowed Officer Lopez to lie (*id.* at 7); (5) attorney Casey Kozoll had attorney Elena Agustino try to mislead plaintiff (*id.* at 8); (6) Judge Jeffrey Kauffman ruled against plaintiff (*id.* at 9); and (7) attorney Casey Kozoll made Dr. Nakagawa lie about plaintiff being incompetent to stand trial (*id.* at 10). Plaintiff subsequently filed an amended complaint in this case, ECF No. 6, where he largely repeats his original allegations.

As discussed below, the court's records reveal that plaintiff has already commenced *numerous* actions concerning his ongoing criminal proceedings in state court. Plaintiff's concurrent litigation of the same claims in multiple actions results in the duplication of judicial effort, which is both unnecessary and problematic. Indeed, "[f]ederal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 1145 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

This action is duplicative of at least six prior and/or pending actions. The first prior action is *Ramirez v. Vacaville Police Dep't*, No. 2:20-cv-0391-AC (E.D. Cal). Plaintiff commenced that action on February 21, 2020, and subsequently filed a first and a second amended complaint in April of 2020. The allegations in the instant case substantially echo those of that earlier action.

The second prior action is *Ramirez v. Lopez*, No. 2:20-cv-0411-KJM-KJN (E.D. Cal.).

/////

/////

1  Plaintiff commenced that action on February 24, 2020 and filed an amended complaint on March
2  19, 2020.  Upon screening, the court dismissed the amended complaint with leave to amend and
3  informed plaintiff of the following: (1) that his claims were duplicative of those raised in *Ramirez*
4  *v. Vacaville Police Dep't*, No. 2:20-cv-0391-AC (E.D. Cal); (2) that *Younger v. Harris*, 401 U.S.
5  37 (1971) prevents the court from interfering with his pending state criminal case; (3) that his sole
6  remedy for seeking an earlier release is by way of habeas corpus; (4) and that *Heck v. Humphrey*,
7  512 U.S. 477, 487 (1994) bars him from seeking damages on a § 1983 claim if success on the
8  claim implies the invalidity of his custody.  *See Ramirez v. Lopez*, No. 2:20-cv-0311-KJM-KJN
9  (E.D. Cal. Apr. 1, 2020).  Upon screening the second amended complaint, the court commented
10 on plaintiff's frequent and inexplicable filing of amended complaints, some of which appear to be
11 almost identical.  *See id.,* ECF No. 46 at 2.  The court also recommended that plaintiff's
12 complaint be dismissed for failure to state a claim upon which relief could be granted.  *Id.*

13        The third prior action is *Ramirez v. Kozoll*, No. 2:20-cv-0448-DMC (E.D. Cal.).  Plaintiff
14 commenced that action on February 27, 2020.  He has since filed two amended complaints in that
15 action.  Again, the allegations in the instant matter are similar if not identical to those of this
16 earlier action.

17        The fourth prior action, *Ramirez v. Morrell*, 2:20-cv-0613-TLN-DMC (E.D. Cal.), was
18 commenced on March 20, 2020. Much like the instant complaint, it too concerned plaintiff's
19 ongoing criminal proceedings.  On July 22, 2020, the court dismissed the case because (1)
20 absolute prosecutorial immunity barred certain claims, (2) plaintiff must present challenges to the
21 nature of his confinement by way of habeas corpus, and (3) *Heck v. Humphrey*, 512 U.S. 477, 487
22 (1994) barred him from seeking damages on a § 1983 claim where success on the claim would
23 imply the invalidity of his custody.  *See Ramirez v. Morrell*, 2:20-cv-0613-TLN-DMC (E.D. Cal.)
24 (ECF Nos. 10 & 18).

25        The fifth prior action, *Ramirez v. D'Augustino*, No. 2:20-cv-0624-CKD (E.D. Cal.), was
26 commenced on April 23, 2020.  Upon screening, the court dismissed the original complaint with
27 leave to amend, citing the familiar principles from *Heck* and *Younger* that apply to plaintiff's oft
28 recited allegations.  *See Ramirez v. D'Augustino*, No. 2:20-cv-0624-CKD (E.D. Cal.) (ECF No. 4).

1  Plaintiff has since filed four amended complaints in that action, each of which merely repeats his
2  same set of allegations.
3       The sixth action, *Ramirez v. Kauffman*, 2:20-cv-1177-TLN-DB (E.D. Cal.), was filed on
4  June 12, 2020.  The allegations in the instant action are largely the same.  On August 11, 2020,
5  the court issued findings and recommendations recommending that the action be dismissed for
6  failure to state a claim.  ECF No. 7.
7       In light of this record, the court recommends that this *seventh* action concerning plaintiff's
8  ongoing state court proceedings, be dismissed pursuant to 28 U.S.C. § 1915 as duplicative.  *See*
9  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (A complaint that "merely repeats
10 pending or previously litigated claims" may be dismissed as frivolous under the authority of 28
11 U.S.C. § 1915).  The claims raised in this action are substantially similar if not identical to the
12 claims plaintiff is currently pursuing in at least three actions that remain pending.  The court
13 recommends that this action be dismissed to avoid further concurrent litigation.

14 Order and Recommendation

15      Accordingly, IT IS ORDERED that:
16         1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
17         2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected
18            in accordance with the notice to the Solano County Sheriff filed concurrently
19            herewith.
20      Further, it is RECOMMENDED that this action be DISMISSED as duplicative and the
21 Clerk be directed to close the case.
22      These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
27 /////
28 /////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 4, 2020.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE